IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | |
| ARENA ENERGY, LP, ET AL. | ) ) | CHAPTER 11 |
| | ) ) | CASE NO. 20-34215 (MI) |
| Debtors. | ) ) | |
| | ) | (JOINTLY ADMINISTERED) |
| ARENA ENERGY, LP, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ADV. PROC. NO. 20-03404 |
| W&T OFFSHORE, INC. and 31 GROUP, LLC, | ) ) ) ) | |
| Defendants | ) ) | |

**DEFENDANT 31 GROUP LLC'S
MOTION TO DISMISS ADVERSARY COMPLAINT**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Defendant 31 Group ("31 Group") joins in and incorporates the W&T Offshore Inc. Motion to Dismiss Adversary Complaint filed at Docket No. 43 and asserts that for the same reasons asserted by W&T that the claims asserted in Counts 3 and 4 of the Adversary Complaint fail, they

83841177v.1

also fail against 31 Group.[1] Further, 31 Group states the following as additional bases to dismiss the claims in Counts 1, 3 and 4 of the adversary complaint.

## LEGAL STANDARD

Rule 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).[2] The Court should "not strain to find inferences favorable to plaintiff." *Southland Sec. Corp. v. Inspire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks omitted). The Supreme Court opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) provide a framework for the factual allegations that a complaint must contain to survive a motion to dismiss under Rule 12(b)(6). *See Johnson v. City of Shelby*, --- U.S. ----, 135 S. Ct. 346, 347 (2014). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The task of a court under Rule 12(b)(6) is to decide whether the plaintiff states a "legally cognizable claim that is plausible." *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014). While the factual allegations need not be overly detailed, a plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. For instance, "a formulaic recitation of a cause of action's elements will not do." *Id.*; *see Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Thus, a court may dismiss a complaint under Rule 12(b)(6) if it fails to assert a cognizable legal theory or if the

---

[1] Count 2 of the Complaint is only against W&T and does not require a response from 31 Group.

[2] The pleading requirements under the Federal Rules of Civil Procedure are regularly applied in United States Bankruptcy Courts in Texas. *In re Superior Air Parts, Inc.*, 486 B.R. 728, 736-37 (Bankr. N.D. Tex. 2012); *Think 3, Inc. v. Zuccarello* (*In re Think 3, Inc.*), 529 B.R. 147, 169-70 (Bankr. W.D. Tex. 2015); *Schlotzsky's Inc. v. Grant Thornton, L.L.P.* (*In re Schlotzsky's Inc.*), 351 B.R. 430, 439 (Bankr. W.D. Tex. 2006).

facts asserted are insufficient to support relief under a cognizable legal theory. *Alcala v. Texas Webb Cnty.*, 620 F.Supp.2d 795, 801 (S.D. Tex. 2009); *see Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.*, 940 F.Supp. 1026, 1030 (E.D. Tex. 1996). Additionally, "a dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *U.S. ex rel Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997).

Arena's claims fail to satisfy the pleading standards required by Rules 8, 9, and 12 of the Federal Rules of Civil Procedure, and should therefore, be dismissed. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. In addition, Rule 8(e) requires "[e]ach averment of a pleading" to "be *simple, concise, and direct* . . . ." *Gordon v. Green*, 602 F.2d 743, 744 (5th Cir. 1979) (citing FED. R. CIV. P 8(a) and (e)). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8's "short and plain statement" requirement. *See Jumonville v. Dep't of Treasury*, 50 F.3d 1033, at *2 (5th Cir. Mar. 16, 1995) ("[D]istrict court should be given great leeway in determining whether a party has complied with Rule 8"); *see also Gordon*, 602 F.2d at 744–47 (dismissing complaint containing verbose pleadings because it violated Rule 8); *see also Harris v. U.S. Dept. of Justice*, 680 F.2d 1109, 1111 (5th Cir. 1982) (holding pleadings violated Rule 8 because the complaint presented a variety of confused and confusing claims). However, even the notice pleading requirements of Rule 8 entitle **each defendant** "to know what he or she did that is asserted to be wrongful," such that "allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (pleading that "'the defendants looted the corporation' – without any details about who did what – is inadequate").

Additionally, the heightened pleadings requirement of Federal Rule of Civil Procedure 9(b) applies to all cases that "sound in fraud" regardless of whether the plaintiff uses the word "fraud" in the terminology of the cause of action. *See In re Shipley Garcia Enters. LLC*, No. 11-20016, 2014 WL 1329252, at *4 (Bankr. S.D. Tex. Mar. 28, 2014) (claims for negligent misrepresentation held to Rule 9(b) standard); *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) ("Rule 9(b) applies to all allegations that sound in fraud"); *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998). "Lumping the defendants together in their allegations" is not permitted. *In re Shipley Garcia Enterprises*, 2014 WL 1329252, at *4 (citing *Hernandez v. Ciba–Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001)). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997), also *Sullivan v. Lear Energy L.L.C.,* 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk,* 291 F.3d 336, 350 (5th Cir. 2002)). Additionally, Federal Rule of Civil Procedure 9(b) applies to all cases that "sound in fraud" regardless of whether the plaintiff uses the word "fraud" in the terminology of the cause of action. *See In re Shipley Garcia Enters. LLC*, No. 11-20016, 2014 WL 1329252, at *4 (Bankr. S.D. Tex. Mar. 28, 2014) (claims for negligent misrepresentation held to Rule 9(b) standard); *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) ("Rule 9(b) applies to all allegations that sound in fraud"); *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998). As well, "lumping the defendants together in their allegations" is not permitted. *In re Shipley Garcia Enters.*, 2014 WL 1329252, at *4 (citing *Hernandez v. Ciba–Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001)). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be

fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

## ARGUMENT

While the Complaint formulaically articulates the required elements for a breach of contract claim, in Count 1 no specific damages are asserted in either the Complaint or prayer; *See Fernandez-Montes,* infra at page 2.  31 Group should be dismissed as no damages are asserted as a result of the alleged breach and certainly no indemnifiable loss or claim has been alleged as suffered by Arena.  In addition, on its face, the Complaint asserts Arena was always willing to let W&T have access to information if it agreed to confidentiality; and at Docket No. 19 in this adversary, Plaintiff agreed to allow and did allow W&T access to the information voluntarily.  Access to information alone is insufficient to demonstrate a claim for the breach of contract.  Damages flowing from and resulting from this access must be specifically pled.

Further, the complaint while referring to indemnification does not actually state a claim for indemnification, including that there is no assertion in the Complaint that a demand to indemnify was made to 31 Group.  As well, upon request, 31 Group destroyed all Derivatives (as stated in the Complaint) and 31 Group no longer had access to the data room.  The Complaint also sets forth that Arena, through its representatives, continued to deal directly with W&T even after confirming that W&T was not bound by the NDA, (See paragraph 57), a fact long known to Evercore, Arena's representative.

Finally, on the element of pleading damages, Arena's assertion that it is entitled to attorney's fees is insufficient to articulate damages.  To do so is to put the cart before the horse.  The assertion of a bare breach, which has now been mooted by the NDA between Arena and W&T,

without any allegations of specific damage cannot support a claim for breach of contract.[3]  It is particularly worth noting that the Court should not accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005); *see also Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.").

Accordingly, 31 Group asks this Court to dismiss Counts 1, 3 and 4.

Respectfully submitted,

*/s/Philip G. Eisenberg*
  Philip G. Eisenberg
  TBN: 24033923
  peisenberg@lockelord.com
  Elizabeth M. Guffy
  TBN: 8592525
  eguffy@lockelord.com
  Simon R. Mayer
  simon.mayer@lockelord.com
  TBN: 24060243
  LOCKE LORD LLP
  600 Travis Street, Suite 2800
  Houston, Texas 77002
  Phone: (713) 226-1304
  Fax: (713) 223-3717

**COUNSEL FOR 31 GROUP LLC**

---

[3] It is proper for this Court to consider Docket No. 19 and the executed NDA at the motion to dismiss stage, without the need to convert this into a motion for summary judgment because it is part of the docket in this adversary and an agreed resolution of the TRO sought through the adversary complaint.  *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.* 748 F3d 631, 635 (5th Cir. 2014) ("The Court may also consider documents attached to either a motion to dismiss or an opposition to a motion, when the documents are referred to in the pleadings and are central to a plaintiff's claims."  The agreed TRO resolution is certainly central to this matter.

## CERTIFICATE OF SERVICE

      I hereby certify that on October 23, 2020 a true and correct copy of the foregoing instrument was served upon all counsel in this adversary proceeding registered for electronic notification via the Court's ECF system, including the following counsel.

| | |
|---|---|
| Geoffrey L. Harrison<br>Sy Polky<br>SUSMAN GODFREY, L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002-5096<br>Tel: (713) 651-9366<br>Fax: (173) 654-6666 | Matthew D. Cavenaugh<br>Jackson Walker LLP<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Tel: (713) 752-4200 |
| AHMAD, ZAVITSANOS, ANAIPAKOS,<br>ALAVI & MENSING PC<br>John Zavitsanos<br>Shawn M. Bates<br>Jason S. McManis<br>1221 McKinney Street, Suite 2500<br>Houston, Texas 77010<br>Tel: (713) 655-1101<br>Fax: (713) 655-0062 | |

                                                */s/ Philip G. Eisenberg*
                                                Philip G. Eisenberg