

ENTERED
01/04/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ARENA ENERGY, LP, *et al.*,[1] ) | Case No. 20-34215 (MI) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ARENA ENERGY, LP, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 20-03404 |
| ) | |
| W&T OFFSHORE, INC. and 31 GROUP, LLC, ) | |
| Defendants. ) | |

Agreed Protective Order

In order to protect the confidentiality of information produced and exchanged in this proceeding, including by non-parties, Arena Energy, LP, W&T Offshore, Inc., and 31 Group, LLC ("the Parties"), by and through their respective attorneys of record, have agreed to the terms of this Agreed Protective Order.

1. This Agreed Protective Order ("Order") is applicable to all Parties and non-parties. This Order shall bind each Party, its attorneys, employees, independent contractors, divisions, subsidiaries, successors, assigns, and any other person or organization of whom a Party has control.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Arena Energy, LP (1436); Arena Energy 2020 GP, LLC (N/A); Arena Energy GP, LLC (7454); Arena Exploration, LLC (1947); Sagamore Hill Holdings, LP (8266); and Valiant Energy, L.L.C. (7184). The location of the debtors' service address is: 2103 Research Forest Drive, Suite 400, The Woodlands, Texas 77380.

1

2.      This Order applies to all documents, transcripts of testimony, discovery responses, and other items produced or exchanged by a Party or by any non-party in this adversary proceeding pursuant to a third-party subpoena or otherwise ("Producing Party") to another Party ("Receiving Party").

3.      All documents and information produced or disclosed pursuant to this Protective Order shall be used solely for the purpose of this litigation and not in connection with any other litigation or judicial proceeding or for any business, commercial, competitive, personal or other purpose whatsoever.

I.
Designation and Disclosure of Protected Documents

4.      A Producing Party may designate a document, transcript, discovery response, or other item "Confidential" if the Producing Party believes in good faith, after a reasonable review, that the document, transcript, discovery response, or other item contains information of any type, kind, or character that is in fact confidential, including:

   a.   information protected from disclosure by any state or federal statute;

   b.   personal, financial, medical, or psychiatric information; or

   c.   any other sensitive financial or commercial information that is not publicly available.

Material which, prior to designation, has become available to the public is not "Confidential" and shall not be designated as "Confidential."

5.      For all documents, deposition transcripts, discovery responses, or other items, a Producing Party may only apply the "Attorneys' Eyes Only" designation if the Producing Party believes in good faith, after a reasonable review, that the document, transcript, discovery response, or other item contains highly sensitive business materials. The parties discourage the use of the

"Attorneys' Eyes Only" designation, and it should be used only when a "Confidential" designation is insufficient to protect the Producing Party's highly sensitive business materials.

  6. A Producing Party shall designate a document, transcript, discovery response, or other item as confidential or attorneys' eyes only by affixing the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each applicable page before producing or exchanging the document, transcript, discovery response, or other item. The words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be affixed in a conspicuous size and location but without interfering with legibility. Any document, transcript, discovery response, or other item to which a Producing Party affixes the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will be referred to in this Order as a "Protected Document." For any document produced in native form, the electronic version shall be labeled with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the filename of the document.

  7. A Producing Party may redact portions of a Protected Document only to prevent disclosure of:

    a. All but the last four digits of any social security, employer identification, or tax identification number.

    b. All but the last four digits of any driver's license number.

    c. All but the last four digits of any bank account number.

    d. The month and day of any date of birth.

    e. Communications protected by the attorney-client privilege, work product privilege, or any recognized privilege.

The Producing Party shall clearly state on the Protected Document or in an accompanying writing the reason for the redaction. Any redaction other than those allowed by this paragraph is prohibited unless agreed to by the Parties or permitted by further order.

8. A Protected Document marked "Confidential" shall not be disclosed to any person or entity other than:

   a. the attorneys of record in this adversary proceeding and their associates and staff;

   b. the parties' in-house counsel who are responsible for managing this adversary proceeding;

   c. the Court and Court personnel;

   d. deposition and trial witnesses and court reporters;

   e. the parties and their officers, directors or managers to the extent necessary for the prosecution of this adversary proceeding;

   f. independent experts and consultants to the extent necessary for the prosecution of this adversary proceeding, and provided that they first fully execute an exact copy of the document entitled "Declaration of Intent to Comply with Protective Order Regarding Protected Documents," which is attached as Exhibit A;

   g. employees of any copying or document imaging company used by counsel for a Party in the preparation and trial of this adversary proceeding; and

   h. any mediator hired or appointed to mediate this adversary proceeding, and any employees of such mediator actively assisting the mediator with the mediation.

9. A Protected Document marked "Attorneys' Eyes Only" shall not be disclosed to any person or entity other than:

   a. the attorneys of record in this adversary proceeding and their associates and staff;

   b. the parties' in-house counsel who are responsible for managing this adversary proceeding;

   c. the Court and Court personnel;

   d. independent experts and consultants to the extent necessary for the prosecution of this adversary proceeding, and provided that they first fully execute an exact copy of the document entitled "Declaration of Intent to

4

      Comply with Protective Order Regarding Protected Documents," which is attached as Exhibit A;

  e. witnesses and deponents in this adversary proceeding that authored or received the document in question, but only as necessary for the preparation and trial of this adversary proceeding;

  f. employees of any copying or document imaging company used by counsel for a Party in the preparation and trial of this adversary proceeding; and

  g. any mediator hired or appointed to mediate this adversary proceeding, and any employees of such mediator actively assisting the mediator with the mediation;

10. All such persons to whom the Parties' counsel makes such disclosure shall be furnished or shown a copy of this Confidentiality Agreement and shall, before receiving said materials, agree to maintain said materials in confidence. The Parties' counsel shall be responsible for maintaining a list of all persons (other than the attorneys of record in this adversary proceeding and their associates and staff) to whom any confidential information or materials are disclosed, and, for good cause shown, such list shall be made available for review by the Court without disclosure to the other Parties.

## II.
## Use of Protected Documents

11. A Protected Document shall not be used, disclosed, or copied by any person for any purpose other than the preparation and trial of this adversary proceeding and the preparation of any appellate proceeding related to this adversary proceeding.

12. In the event that the Receiving Party is required, by court or administrative or regulatory order, or other similar process outside of this litigation, to disclose any of the Protected Documents, the Receiving Party shall provide the Producing Party with prompt written notice within five (5) days of receiving any request for Protected Documents and at least fifteen (15) days before the disclosure of Protected Documents, whichever is sooner, such that the Producing Party

may seek a protective order or other appropriate remedy to prohibit or to limit such disclosure. If the Receiving Party is nonetheless compelled to disclose Protected Documents, the Receiving Party may, without liability hereunder, disclose such portions of the Protected Documents that are legally required to be disclosed. The Receiving Party shall as soon as practicable thereafter advise Producing Party of the Protected Documents so disclosed and the person(s) to whom it was so disclosed.

13. To the extent Protected Documents are used in depositions, at hearings, or at trial, such Protected Documents shall remain subject to the provisions of this Order, along with the transcript pages of the deposition, hearing, or trial testimony that refers to or describes the contents of a Protected Document. Except as set forth below, the parties may not question any witness regarding "Attorneys' Eyes Only" documents that are prohibited from being disclosed to that witness by the terms of this Order. The parties agree that, for any "Attorneys' Eyes Only" document a party places on its trial exhibit list, all parties' trial witnesses may review those trial exhibits, notwithstanding the other provisions in this Order. The parties may use such trial exhibits with any witness at trial.

14. Any Party may designate a deposition or portion thereof as "Confidential" or "Attorneys' Eyes Only" material by designating by page and line those portions of the deposition that are to be considered "Confidential" or "Attorneys' Eyes Only" material and informing all other parties of such designation, within fifteen (15) days of receipt of the transcript. For deposition material that is not produced in paper form (such as diskettes, magnetic media, and other material not produced in paper or tangible form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the Producing Party shall, to the extent practicable, produce such material with a cover labeled "Confidential" or "Attorneys' Eyes Only" and shall inform all

counsel in writing of the "Confidential" or "Attorneys' Eyes Only" designation of such material at the time such material is produced. Deposition transcripts shall be considered Attorneys' Eyes Only in their entirety until the expiration of the 15-day period.

15. "Confidential" and "Attorneys' Eyes Only" information filed with any motion in this adversary proceeding shall be filed under seal in accordance with the Court's local rules.

16. This Order shall not restrict or preclude any Party from using a document, transcript, discovery response, or other item at any hearing.

### III.
### No Waiver of Protection, Challenge of Confidentiality Designations

17. Nothing herein shall be construed as a waiver of the right of any Party to object to the taking or the admissibility of any testimony or other evidence where such objection is based upon a ground or grounds other than that the testimony or evidence involves "Confidential" or "Attorneys' Eyes Only" information.

18. The production of any document, transcript, discovery response, or other item without the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" affixed thereto shall not constitute a waiver of the Producing Party's right to designate the document, transcript, discovery response, or other item as "Confidential" or "Attorneys' Eyes Only" at a later date. If a Producing Party produces a document, transcript, discovery response, or other item without the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" affixed thereto and later decides to designate the document, transcript, discovery response, or other item "Confidential" or "Attorneys' Eyes Only," the Producing Party shall notify counsel for the Receiving Party in writing and provide counsel for the Receiving Party with replacement documents bearing the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Upon receiving written notice of the

designation and the replacement documents, counsel for the Receiving Party shall treat the newly designated documents as Protected Documents in accordance with this Order.

19. A Receiving Party may, at any time, challenge the Producing Party's designation of a Protected Document as "Confidential" or "Attorneys' Eyes Only." The Receiving Party may challenge the designation of specific Protected Documents as "Confidential" by giving counsel for the Producing Party written notice listing each Protected Document the Receiving Party challenges and explaining, briefly, the factual and legal basis for the Receiving Party's belief that the Protected Documents should not be designated "Confidential." A Receiving Party challenging an "Attorneys' Eyes Only" designation must do no more than identify the document, transcript section, discovery response, or other item subject to challenge and has no responsibility to explain the basis for the challenge. If the Parties cannot agree on the designation of any Protected Document within fifteen (15) days after counsel for the Producing Party receives such written notice, then Producing Party has the burden to move the Court to enter an order declaring that the challenged Protected Document shall remain a Protected Document, in which case the burden of establishing the appropriateness of the "Confidential" designation shall be on the Producing Party. The Producing Party must file such a motion within thirty (30) days after counsel for the Producing Party receives written notice challenging the designation pursuant to this paragraph. Pending a ruling on the Protected Document(s), the document shall retain the challenged designation. The Parties strongly discourage the use of the "Attorneys' Eyes Only" designation (other than for the items in the data room, as specified in Order ¶ 5), and to maintain an "Attorneys' Eyes Only" designation, a Producing Party will need to show by clear and convincing evidence that the treatment of the document as "Confidential" could result in competitive or other harm. If the

Producing Party does not file a motion within thirty (30) days after counsel for the Producing Party receives written notice challenging the designation, the challenged designation will be removed.

IV.
Privileged Information

20. The Parties agree that they do not intend to disclose information subject to a claim of attorney-client privilege, attorney work product privilege, common interest privilege, or any other privilege, immunity, or protection from production or disclosure ("Privileged Information"). If a Producing Party discloses Privileged Information, such disclosure (as distinct from use) shall be deemed inadvertent without need of further showing and shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this adversary proceeding or in any other proceeding. The Parties agree in accordance with Federal Rule of Evidence 502(d) that the privilege or protection is not waived by disclosure connected with the litigation pending before this Court and ask the Court to so order.

21. If a Party discovers that it has produced Privileged Information, it shall promptly notify the Receiving Party of the production in writing and shall identify the produced Privileged Information by Bates range. The Receiving Party shall, within 15 days of receiving such notification, destroy or return all copies of the Privileged Information and delete from its work product or other materials any quoted or paraphrased portions of the produced Privileged Information. The Receiving Party shall, within the same 15 days, alert the Producing Party that it has complied with the request to return or destroy the Privileged Information and inform the Producing Party if it intends to challenge the privilege designation. If the Receiving Party challenges the privilege designation, it shall meet and confer with the Producing Party within 7 days of providing notice of the challenge. If the Parties cannot reach an agreement on the Producing Party's designation, the Receiving Party must within 15 days of the meet and confer

move the Court for a ruling that the produced Privileged Information is not privileged. The Producing Party has the burden to show the produced Privileged Information is privileged. The Receiving Party may retain one copy of the produced Privileged Information only for purposes of disputing the claim of privilege but must return or destroy that copy if the Court rules that the produced Privileged Information is privileged or if the time for challenging the privilege designation passes without the Receiving Party making a challenge.

V.
Implementation and Duration of the Protective Order

22. This Agreed Protective Order shall be immediately effective as between and binding upon the Parties once counsel for the Parties execute this Order, regardless of the date the Order is entered by the Court.

23. Within sixty (60) days after final termination of this adversary proceeding (including any appeals), counsel for the Receiving Party shall return to counsel for the Producing Party or destroy all Protected Documents in counsel for the Receiving Party's possession that were designated "Confidential" or "Attorneys' Eyes Only" by the Producing Party. In addition, counsel for the Receiving Party shall provide a written statement to counsel for the Producing Party certifying that all Protected Documents designated by the Producing Party, including any copies thereof, have been returned to the Producing Party or destroyed, provided, however, that counsel for the Receiving Party may retain:

    a. any attorney work product; and

    b. copies of any pleadings, motions, briefs, declarations, affidavits, deposition transcripts, and indices that reference, contain, attach, or append Protected Documents, but only to the extent necessary to preserve a file with respect to this adversary proceeding.

24. This Order shall continue to be binding on every person subject to this Order even after entry of a judgment in this adversary proceeding and the disposition of any appeal. The Court retains jurisdiction over any person subject to this Order for the purposes of enforcing this Order.

25. Any Party may move the Court to modify this Order.

**IT IS SO ORDERED**.

Signed: January 04, 2021

Marvin Isgur
United States Bankruptcy Judge

**AGREED AND ACCEPTED**

| | |
|---|---|
| */s/ Geoffrey L. Harrison*_____<br>Geoffrey L. Harrison<br>SUSMAN GODFREY L.L.P.<br>*Counsel for Arena Energy, LP* | */s/ John Zavitsanos*_____<br>John Zavitsanos<br>AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI &<br>MENSING P.C.<br>*Counsel for W&T Offshore, Inc.*<br>*Signed with permission per McManis's Dec. 8, 2020 at 725p email |
| | */s/ Philip G. Eisenberg*_____<br>Philip G. Eisenberg<br>LOCKE LORD LLP<br>*Counsel for 31 Group*<br>*Signed with permission per Eisenberg's Dec. 9, 2020 at 955a email |

Exhibit A

Declaration of Intent to Comply with Protective Order Regarding Protected Documents

This is to certify that I have read and understand the attached Protective Order.

As a condition of my review or examination of certain materials marked or otherwise designated as Protected Documents, I hereby agree under penalty of perjury to comply with the provisions of the Protective Order and, specifically not to disclose or use any Protected Documents except as authorized therein. I understand that failure to abide fully by the terms of the Protective Order may result in legal action against me personally, including being held in contempt of court and liability for monetary damages.

| | |
|---|---|
| Occupation -job title | Name |
| Home address | Employer |
| | Employer address |
| | Work telephone number |

CHECK ONE  _____  Independent Expert or Consultant
           _____  Other (Explain: _____)

12